**EXHIBIT A**

04/15/2016 14:03503ATTG75F82A    Document 1-1    Filed 05/20/16    4/20/2016    Page 2 of 19    PAGE #:92
@ 12:35 pm.

09:51:49 a.m. 04-15-2016 | 10 | 8506559633

From: Sina Rezvanpour    Fax: (866) 502-5065    To: Stanley Mosk    Fax: +1 (213) 625-3244    Page 10 of 10 04/15/2016 9:53 AM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, NATIONAL ASSOCIATION, a Delaware
corporation; and DOES 1-20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHAYAN KAMRAVA, an individual,

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> **FILED**
> Superior Court of California
> County of Los Angeles
>
> APR 15 2016
>
> Sherri R. Carter, Executive Officer/Clerk
> By _____, Deputy
> Dawn Alexander

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk <br> 111 North Hill St. <br> Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* <br> BC615878 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sina Rezvanpour, Esq.; 18740 Oxnard St., Suite 313A, Tarzana, CA 91356; (866) 502-0787

| | | | |
|---|---|---|---|
| DATE: April 15, 2016 *(Fecha)* | SHERRI R. CARTER | Clerk, by DAWN ALEXANDER *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

09:51:43 a.m. 04-15-2016   2   6506556633

From: Sina Rezvanpour   Fax: (866) 502-5065         To: Stanley Mosk      Fax: +1 (213) 625-3244       Page 2 of 10 04/15/2016 9:53 AM

1  **RKR Legal, APC**
   Sina Rezvanpour (SBN: 274769)
2  sr@rkrlegal.com
   18740 Oxnard St., Suite 313A
3  Tarzana, CA 91356
   Telephone: (866) 502-0787
4  Facsimile: (866) 502-5065

5  Attorneys for Plaintiff,
   Shayan Kamrava
6

**FILED**
Superior Court of California
County of Los Angeles

APR 15 2016

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Dawn Alexander

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8            **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| 9  SHAYAN KAMRAVA, an individual, | **Case No.: BC615878** |
| 10                Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| 11                    v. | 1.  VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§1788-1788.32 |
| 12  BANK OF AMERICA, NATIONAL ASSOCIATION, a Delaware corporation; and DOES 1-20, Inclusive, | 2.  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, ET SEQ. – NEGLIGENT VIOLATION |
| 13 | |
| 14                Defendants. | 3.  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, ET SEQ. – WILLFUL VIOLATION |
| 15 | |
| 16 | |
| 17 | |
| 18 | **LIMITED JURISDICTION (OVER $10,000)** |
| 19 | **DEMAND FOR JURY TRIAL** |

20
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**FIRST AMENDED COMPLAINT FOR DAMAGES**                                    PAGE 1 OF 8

## **INTRODUCTION**

1.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. Cal. Civ. Code §1788.1 (a)-(b).

2.      The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the one(s) described within this Complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer Complaints about abuses of telephone technology-for example, computerized calls dispatched to private homes-prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs. LLC.* 132 S. Ct. 740, 744 (2012).

3.      As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding automated calls:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 638 (7th Cir. 2012).

4.      SHAYAN KAMRAVA (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BANK OF AMERICA, NATIONAL ASSOCIATION (hereinafter "BOFA" or "Defendant" and jointly with Does 1-20 "Defendants") and DOES 1-20 with regard to attempts by BOFA to unlawfully and abusively collect a debt allegedly owed by Plaintiff.

5.      Unless otherwise indicated, the use of any BOFA name in this Complaint

RKR Legal, APC
Tarzana, CA

1  includes all agents, employees, officers, members, directors, heirs, successors, assignees,

2  principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

3  **PARTIES**

4  6.      Plaintiff is a natural person currently residing in the Tarzana, in the County of

5  Los Angeles, in the State of California, from whom a debt collector sought to collect a

6  consumer debt which was due or owing or alleged to be due and owing from Plaintiff, and is a

7  "debtor" as that term is defined by California Civil Code § 1788.2(h).

8  7.      BOFA is a Delaware company believed to be operating from the City of

9  Wilmington, in the State of Delaware.

10  8.      Plaintiff is informed and believes, and thereon alleges, that Defendant, in the

11  ordinary course of business, regularly, on behalf of themselves or others, engaged in debt

12  collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt

13  collectors" as that term is defined by California Civil Code § 1788.2(c).

14  9.      This case involves money, property or their equivalent, due or owing or alleged

15  to be due or owing from a natural person by reason of a consumer credit transaction. As such,

16  this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by

17  Cal. Civ. Code § 1788.2(f).

18  10.     Plaintiff is informed and believes, and thereon alleges, that Defendant, in the

19  ordinary course of business, regularly, on behalf of themselves or others, utilize an "automatic

20  telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) in their collection's practice.

21  11.     Plaintiff is unaware of the true names and capacities of defendants sued herein as

22  DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names pursuant to

23  California Civil Procedure Code § 474. Plaintiff will amend this Complaint to allege their true

24  names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges

25  that each of these fictitiously named defendants was in some way negligent or responsible for

26  the events and happenings herein referred to which proximately resulted in those injuries and

27  damages to the Plaintiff as herein alleged. BOFA, together with DOES 1-20, inclusive, shall

28  hereinafter be known as "Defendants."

1    12.    Plaintiff is informed and believes and based upon such information and belief

2  alleges that all material times each of Defendants was an agent, servant, and employee of their

3  co-Defendants and in doing the things alleged were acting within the scope of their authority

4  whose actions and conduct herein alleged with the permission and consent of the co-

5  Defendants. Each of the Defendants' actions and conduct was known to, authorized, and ratified

6  by their co-Defendants.

7                          **JURISDICTION AND VENUE**

8    13.    Jurisdiction of this Court is proper because the events leading to Plaintiff's cause

9  of action occurred in the County of Los Angeles, in the State of California.

10    14.    The action arises out of violations of the following: The Rosenthal Fair Debt

11  Collection Practices Act, California Civil Code §§ 1788-1788.32 (hereinafter "RFDCPA"); and

12  the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq. (hereinafter "TCPA").

13    15.    Because Defendant does business within the State of California, personal

14  jurisdiction is established.

15    16.    Venue is proper under state law.

16                          **FACTUAL BACKGROUND**

17    17.    At all times relevant, Plaintiff was an individual residing within the State of

18  California.

19    18.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant,

20  BOFA conducted business in the State of California.

21    19.    At some time before to March 28, 2016, Plaintiff allegedly incurred financial

22  obligations to BOFA that were money, property, or their equivalent, which is due or owing, or

23  alleged to be due or owing, from a natural person and were therefore "debt(s)" as that term is

24  defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by

25  California Civil Code § 1788.2(f).

26    20.    Sometime thereafter, but before March 28, 2016, Plaintiff allegedly fell behind in

27  the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to

28  whether or not this alleged debt was actually owed.

FIRST AMENDED COMPLAINT FOR DAMAGES                                    PAGE 4 OF 8

RKR Legal, APC
Tarzana, CA

1    21.    Shortly thereafter, but still before March 28, 2016, Plaintiff began receiving

2    numerous collections calls from BOFA.

3    22.    On or about March 28, 2016, Plaintiff sent a written letter to BOFA, informing

4    BOFA that Plaintiff wishes BOFA to cease further communication with Plaintiff regarding the

5    alleged debt. This letter was sent pursuant to and in accordance with 15 U.S.C. § 1692c(c),

6    which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17.

7    23.    BOFA received Plaintiff's letter on April 4, 2016.

8    24.    Despite receiving Plaintiff's written notice demanding BOFA cease

9    communications with Plaintiff, BOFA representatives continued to contact Plaintiff by

10   telephone regarding the alleged debt.

11   25.    Despite receiving Plaintiff's written notice demanding BOFA cease

12   communications with Plaintiff, BOFA utilized an "automatic telephone dialing system" as

13   defined by 47 U.S.C. § 227(a)(1) in BOFA attempts to contact Plaintiff on his cellular

14   telephone.

15   26.    This automatic telephone dialing system has the capacity to store or produce

16   telephone numbers to be called.

17   27.    The telephone number BOFA called was assigned to a cellular telephone service

18   for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C § 227(b)(1).

19   28.    These telephone calls constituted calls that were not for emergency purposes as

20   defined by 47 U.S.C § 227(b)(1)(A)(i).

21   29.    Through this conduct, BOFA participated in communications with Plaintiff

22   concerning the alleged debt, when BOFA was previously notified in writing that Plaintiff

23   wishes BOFA to cease further communications with Plaintiff regarding the alleged debt.

24   Consequently, BOFA violated 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA

25   by Cal. Civ. Code § 1788.17. Through this conduct, BOFA violated Cal. Civ. Code § 1788.17.

26   30.    Through this conduct, BOFA participated in using an "automatic telephone

27   dialing system", when BOFA had been previously notified in writing that Plaintiff wishes

28   BOFA to cease further communications with Plaintiff regarding the alleged debt. Through this

RKR Legal, APC
Tarzana, CA

1 | conduct, BOFA violated the Telephone Consumer Protection Act, 47 U.S.C. 227.

## FIRST CAUSE OF ACTION

### VIOLATION OF RFDCPA CAL. CIV. CODE §§ 1788-1788.32

(Against BOFA and DOES 1-20, Inclusive)

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

33.     As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each defendant individually.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

(Against BOFA and DOES 1-20, Inclusive)

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The foregoing acts and omissions of BOFA constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36.     As a result of BOFA's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

///

///

///

RKR Legal, APC
Tarzana, CA

## THIRD CAUSE OF ACTION

**KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

(Against BOFA and DOES 1-20, Inclusive)

37.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.   The foregoing acts and omissions of BOFA constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39.   As a result of BOFA knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

RKR Legal, APC
Tarzana, CA

**PRAYER FOR RELIEF**

40.   WHEREFORE, Plaintiff requests judgment against BOFA and DOES 1-20, inclusive:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named defendant individually;

- an award of statutory damages of $1000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named defendant individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named defendant individually.

- an award of $500.00 in statutory damages for each and every negligent violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. § 227(b)(3)(B), against each named defendant individually.

- an award of $1,500.00 in statutory damages for each and every willful violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. § 227(b)(3)(B), against each named defendant individually.

- any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

41.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 13, 2016                                         RKR LEGAL, APC

                                                BY: _____
                                                SINA REZVANPOUR
                                                ATTORNEYS FOR PLAINTIFF

RKR Legal, APC
Tarzana, CA

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

RKR Legal, APC
Sina Rezvanpour, Esq. (SBN: 274769)
rkrlegal.com
18740 Oxnard St., Suite 313A, Tarzana, CA 91356
TELEPHONE NO.: (866) 502-0787    FAX NO.: (866) 502-5065
ATTORNEY FOR (Name): Shayan Kamrava

**FILED**
Superior Court of California
County of Los Angeles

APR 12 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Dawn Alexander

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Kamrava v. FIA Card Services, N.A.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC 615 878 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action (specify): (1) RFDCPA; (2) TCPA - Negl Violation; (3) TCPA - Willful Violation
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 11, 2016
Sina Rezvanpour, Esq.
_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: Kamrava v. FIA Card Services, N.A. | CASE NUMBER BC 6 1 5 8 7 8 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 1   [ ] HOURS/ [ ] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**<br>**E-MAIL ADDRESS (Optional):**<br>**ATTORNEY FOR (Name):** | **FAX NO. (Optional):** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**     FAX NO. (Optional): <br> **E-MAIL ADDRESS (Optional):** <br> **ATTORNEY FOR (Name):** | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | **CASE NUMBER:** |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**